UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH SCHEURER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO.: 1:20-cv-00918 |
| v. | ) |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, 1441, and 1446, removing party WAL-MART STORES EAST, LP ("Wal-Mart"), by counsel, hereby files this Notice of Removal to remove the above-entitled action to this Court based upon the following supporting grounds. Removing party Wal-Mart, appearing solely for the purpose of this removal, and for no other purpose, and preserving all other defenses available to it, states as follows:

**VENUE**

1. Removal to the Southern District of Indiana, Indianapolis Division, is appropriate pursuant to 28 U.S.C. § 1441(a), because the Southern District of Indiana, Indianapolis Division, embraces Johnson County, where the action was pending prior to the filing of this Notice of Removal.

## REMOVAL IS TIMELY

2. On February 28, 2020, removing party Wal-Mart was served by certified mail with a Summons and Complaint in the above-entitled action at their registered agent in Indianapolis, Indiana. Therefore, removal is timely under 28 U.S.C. § 1446(b)(1).

## STATE COURT PROCEEDINGS

3. On February 24, 2020, Plaintiff Deborah Scheurer (hereinafter "Plaintiff") filed her Complaint in the above-entitled action against Wal-Mart in the Johnson County Superior Court in the State of Indiana, Cause No. 41D04-2002-CT-000034, and it is now pending therein.

4. On March 11, 2020, Wal-Mart filed its Attorney Appearance, a Jury Demand and Answer and Affirmative Defenses in the Johnson County Superior Court in the above-entitled action.

5. On March 11, 2020, the Johnson County Superior Court issued an Order Setting Pretrial Conference.

6. No further proceedings have been had in the Johnson County Superior Court.

7. Pursuant to S.D. Ind. L.R. 81-2(d), Wal-Mart asserts that there are no state court motions that remain pending at the time of this Notice of Removal.

## DIVERSITY JURISDICTION EXISTS

8. This is a civil action that falls within the Court's original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

9. Plaintiff is a citizen of the State of Indiana.

10. The citizenship of unincorporated associations such as Defendant is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541,

542 (7th Cir. 2003); *see also Hicklin Engineering, L.C. v. R.J. Bartell*, 439 F.3d 346-347-48 (7th Cir. 2006) (the citizenship of a limited liability company is that of its members). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be. *Hart*, 336 F.3d at 543. The "layers" of Defendant's partners and members in this matter can be traced as follows:

    a. Defendant Wal-Mart Stores East, LP is a Delaware Limited Partnership.

    b. The sole general partner of Wal-Mart Stores East, LP is WSE Management, LLC, a Delaware Limited Liability Company.

    c. The sole limited partner of Wal-Mart Stores East, LP is WSE Investment, LLC, a Delaware Limited Liability Company.

    d. Wal-Mart Stores East, LP has no partners other than WSE Management, LLC and WSE Investment, LLC.

    e. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC.

    f. Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.) is an Arkansas Limited Liability Company.

    g. Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.) has a single member: Wal-Mart Stores, Inc.

    h. Wal-Mart Stores, Inc. is a corporation organized under the laws of Delaware.

    i. The principal place of business of all entities referenced above is the State of Arkansas.

11. There is complete diversity of citizenship between the parties named in this case.

12. Plaintiff's Complaint does not demand a specific sum of monetary damages. The State of Indiana does not permit a demand for a specific sum. Therefore, this Notice of Removal states that the monetary value of the amount in controversy exceeds $75,000, exclusive of interest and costs, based upon the following:

  a. Plaintiff alleges she suffered "serious injuries" as an alleged result of the incident forming the basis of her Complaint. (Compl. ¶ 2.)

  b. Plaintiff alleges she has incurred medical expenses, lost wages, and other special expenses, and will incur future medical expenses, lost wages and other special expenses as an alleged result of the incident forming the basis of her Complaint. (Compl. ¶ 10.)

  c. Plaintiff's counsel has confirmed Plaintiff underwent emergency medical treatment, received an MRI and injections, and plans to proceed with surgery for injuries claimed as an alleged result of the incident forming the basis of her Complaint.

  d. Plaintiff's counsel agrees that the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Based upon the injuries and damages alleged, Plaintiff seeks recovery in excess of $75,000 exclusive of interest and costs, the value to Plaintiff of the relief sought in the Complaint exceeds $75,000 exclusive of interest and costs, and/or the amount in controversy exceeds $75,000 exclusive of interest and costs.

14. Therefore, this state court action is properly removed to this Court in accordance with 28 U.S.C. §§ 1441 and 1446 because: (1) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis

Division; (2) this action is between citizens of different States; (3) the amount in controversy exceeds $75,000 exclusive of interest and costs.

## STATUTORY REQUIREMENTS

15. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81-2(a), a copy of the entire state court file is attached and includes the State Court Record as of the date of this Notice of Removal, including the following: Plaintiff's Summons and Complaint for Damages, Appearance of Attorney Hurt, Certificate of Service, Appearance on behalf of Wal-Mart Stores East, LP, Jury Demand of Wal-Mart Stores East, LP, Defendant's Answer and Affirmative Defenses, and Order Setting Pretrial Conference.

16. Pursuant to S.D. Ind. L.R. 81-2(c), a copy of the operative Complaint is also attached hereto as a separate Exhibit to this Notice of Removal.

17. A copy of this Notice of Removal has been filed in the Johnson County Superior Court and Plaintiff has been served with both this Notice of Removal and the Notice of Filing Notice of Removal.

WHEREFORE, removing party WAL-MART STORES EAST, LP, by counsel, respectfully requests that the above-entitled action be removed from the Johnson County Superior Court to the United States District Court for the Southern District of Indiana, Indianapolis Division.

LEWIS WAGNER, LLP

By: /s/Katherine S. Strawbridge
KATHERINE S. STRAWBRIDGE, #30123-49
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2020, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

Jim Hurt
KEN NUNN LAW OFFICE
104 South Franklin Road
Bloomington, IN 47404
jamesh@kennunn.com
***Counsel for Plaintiff***

                        By: */s/Katherine S. Strawbridge*
                            KATHERINE S. STRAWBRIDGE

LEWIS WAGNER, LLP
Suite 200
501 Indiana Avenue
Indianapolis, IN 46202
Telephone:     317-237-0500
Facsimile:      317-630-2790
kstrawbridge@lewiswagner.com